**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**UNITED STATES OF AMERICA,**

**v.**                                                   **1:13-cr-00023-WSD**

**FREDERICK ROBERTS,**

                     **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant Frederick Roberts'

("Defendant") *pro se* letter to the Court dated March 1, 2017 ("Letter").  In the

Letter, Defendant requests (i) a copy of the transcript of his sentencing hearing and

(ii) the appointment of counsel ("Motion for Transcript and to Appoint Counsel").

Defendant is advised that he should send all future requests for relief to the Clerk's

Office and not directly to the Court.  The address for the Clerk's Office for the

Northern District of Georgia is below:

> United States District Court Clerk's Office
> Richard B. Russell Federal Building
> 2211 United States Courthouse
> 75 Ted Turner Drive, SW
> Atlanta, GA 30303-3309

Defendant, through his wife, contacted Court Reporter Nicholas A. Marrone

for a copy of Defendant's sentencing transcript.  On March 10, 2017, Mr. Marrone

transcribed the hearing and filed the official transcript on the docket.  ([25]).
Defendant's request for the transcript of his sentencing hearing is denied as moot.

Defendant also requests that the Court appoint him an attorney to pursue
post-conviction relief.  It is well-settled that there is no constitutional entitlement to
court-appointed counsel for post-conviction motions in federal court. See, e.g.,
Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[T]he right to appointed
counsel extends to the first appeal of right, and no further."); United States v.
Berger, 375 F.3d 1223, 1226 (11th Cir. 2004) ("[D]efendants have a Sixth
Amendment right to counsel on direct appeal, but not when they collaterally attack
their sentences.").  The Court may appoint counsel for a financially-eligible
defendant seeking to attack his sentence pursuant to 28 U.S.C. §§ 2241, 2254, or
2255, if "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).

Defendant has not provided, and the Court cannot find, any compelling
reason why the "interests of justice" require the appointment of counsel.
Defendant may pursue post-conviction relief on his own or retain an attorney to
represent him.  Defendant's request for the appointment of counsel is denied.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion for Transcript and to
Appoint Counsel is **DENIED**.

2

**SO ORDERED** this 13th day of March, 2017.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE